**Gregorio MARISCAL LUNA,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 05–76259.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 17, 2007.

Filed May 30, 2007.

Willie Jordan Curtis, Esq., Nevene Sally Iskander, Nicholle Harris, Law Student, Arun Rao, Law Student, The University of Arizona James E. Rogers College of Law, University of Arizon, University of Arizona College of Law Legal Clinic, Tucson, AZ, Gregorio Mariscal Luna, Dinuba, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Shahrzad Baghai, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN and IKUTA, Circuit Judges, and SAND *, Senior District Judge.

## MEMORANDUM **

Gregorio Mariscal Luna ("Mariscal") appeals from a decision of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of an immigration judge ("IJ") that Mariscal was not eligible for cancellation of removal under 8 U.S.C. § 1229b. The facts and procedural history are repeated herein only as necessary. Because the BIA erred in not following or acknowledging its own binding precedent, we grant the petition for review and remand to the BIA with instructions to reconsider the case in light of the BIA's decision in *In re Ortega–Cabrera*, 23 I. & N. Dec. 793 (BIA 2005).

On June 2, 2004, the IJ found that Mariscal was statutorily ineligible for cancellation of removal because he could not satisfy the good moral character requirement of 8 U.S.C. § 1229b(b)(1)(B), because a $400 payment to his wife in 1990 to assist her in returning to the United States constituted alien smuggling. The IJ reasoned that such an act fell within the relevant time period for purposes of § 1229b(b)(1)(B) because the act was performed within 10 years of the service of a Notice to Appear on Mariscal in February 1998. Mariscal appealed to the BIA.

While Mariscal's appeal of the IJ's decision was pending before the BIA, a three-member panel of that agency issued a precedential decision in *Ortega–Cabrera*. The panel in *Ortega–Cabrera* concluded that "an application for cancellation of removal remains a continuing one for purposes of evaluating an alien's moral char-

acter, and that the 10–year period during which good moral character must be established ends with the entry of a final administrative decision." 23 I. & N. Dec. at 798. In other words, the 10–year period runs backwards from the date of the final administrative decision.

Notwithstanding this precedential decision, in October 2005, the BIA affirmed without opinion the IJ's determination that Mariscal was ineligible for cancellation of removal on the basis of his 1990 "alien smuggling" act. We hold that this affirmance was legal error. *See* 8 C.F.R. § 1003.1(g) ("[D]ecisions of the Board, and decisions of the Attorney General, shall be binding on all officers and employees of the Department of Homeland Security or immigration judges in the administration of the immigration laws of the United States."); *Yepes–Prado v. INS*, 10 F.3d 1363, 1370 (9th Cir.1993) ("BIA acts arbitrarily when it disregards its own precedents and policies without giving a reasonable explanation for doing so.") (citing *Israel v. INS*, 785 F.2d 738, 740 (9th Cir.1986)); *Davila–Bardales v. INS*, 27 F.3d 1, 5 (1st Cir.1994) ("This is not to say that an agency, once it has announced a precedent, must forever hew to it. Experience is often the best teacher, and agencies retain a substantial measure of freedom to refine, reformulate, and even reverse their precedents in the light of new insights and changed circumstances.").

On remand, the BIA must consider the applicability of *Ortega–Cabrera* to the facts of this case. We express no view on the merits or demerits of the BIA's decision in *Ortega–Cabrera* but note that if the Board wishes to depart from that precedent,

---

* The Honorable Leonard B. Sand, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

which it is within its power to do, it must give a reasoned explanation. *See Shin v. INS,* 750 F.2d 122, 125 (D.C.Cir.1984) (noting that the BIA must explain departures from settled policies).[1]

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

1. Because we remand to the BIA, we do not reach Mariscal–Luna's argument that there is insufficient evidence to support the conclusion that his act of sending money to his wife constitutes alien smuggling.